**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DEITRA BLEVINS, MELISSA DALTON REAGAN RICKETTS, and KAYLA YOUNGER, on behalf of themselves individually and all other similarly situated employees, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 2:25-cv-02653-KHV-TJJ |
| MEDICALODGES, INC. | ) | |
| Defendant. | ) | |

**<u>FIRST AMENDED COMPLAINT</u>**

Plaintiffs Deitra Blevins, Melissa Dalton, Reagan Ricketts and Kayla Younger ("Named Plaintiffs"), individually and on behalf of other similarly situated individuals, for their First Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(1)(B), against Defendant Medicalodges, Inc., state as follows:

**INTRODUCTION**

1. Medicalodges owns and operates approximately 31 skilled nursing facilities across Kansas, Missouri and Oklahoma.

2. This class action lawsuit seeks to recover unpaid wages that Medicalodges owes its hourly employees in at least two respects.

3. In paying its hourly employees across Kansas, Medicalodges violates the Fair Labor Standards Act ("FLSA") and the Kansas Wage Payment Act ("KWPA"), K.S.A. §44-313, *et seq.* because it utilizes a rounding policy that, in the aggregate, undercounts its hourly employees' worked time, and further, because it automatically deducts a 30-minute meal period from those same employees' pay when no such break has been taken or provided.

4. As described further below, the Named Plaintiffs were employees of various Medicalodges facilities across Kansas, and they bring this collective and class action individually and on behalf of other similarly situated employees across Kansas, Missouri and Oklahoma, to recover the unpaid wages that Medicalodges has failed to pay them.

**PARTIES, JURISDICTION, AND VENUE**

5. Plaintiff Deitra Blevins ("Blevins") is an individual residing in Kinsley, Kansas. She worked as a Certified Nursing Assistant (CNA) at the Medicalodges facility in Kinsley, from approximately October 2024 to May 2025.

6. Plaintiff Melissa Dalton ("Dalton") is an individual residing in Wichita, Kansas. She worked as a CNA at the Medicalodges facility in Goddard, Kansas (also known as the "The Lodges"), from approximately October 2023 until December 2023, and then again from February 2024 until October 2024.

7. Plaintiff Reagan Ricketts ("Ricketts") is an individual residing in Wichita, Kansas. She worked as a CNA at the Medicalodges facility in Goddard, Kansas from approximately February 2024 until November 2024.

8. Plaintiff Kayla Younger ("Younger") is an individual residing in Pittsburg, Kansas. She worked as a Lead Case Manager at New Hope Services - Pittsburg, from approximately September 2011 until February 2024.

9. Defendant Medicalodges Inc. ("Medicalodges") is a Kansas for-profit corporation that owns and operates, in conjunction with a host of other limited liability companies, approximately thirty (30) skilled nursing and rehabilitation facilities across Kansas, Missouri, and Oklahoma.

10. Medicalodges' principal place of business is located at 201 West, 8th Street, Coffeyville, Kansas, 67337. It can be served through its Resident Agent, Corporation Service Company, 1100 SW Wanamaker Road, Suite 103, Topeka, KS 66604.

11. Its website, http://www.medicalodges.com, indicates that Medicalodges has facilities in the following locations across Kansas: Arkansas City, Atchison, Coffeyville, Columbus, Eudora, Fort Scott, Frontenac, Goddard, Great Bend, Independence, Iola, Kansas City, Kinsley, Leavenworth, Paola, Pittsburg, Valley Center and Wichita. The site also lists Missouri locations in Butler, Neosho, Nevada, and one location in Dewey, Oklahoma. Collectively, the various facilities referenced above will be referred to herein as the "Facilities."

12. At all times relevant hereto, and specifically as it relates to the Facilities' various employees, Medicalodges acts directly and/or indirectly in the Facilities' interest.

13. On information and belief, Medicalodges directs and controls the Facilities' payroll and human resource functions and establishes policies and procedures for the Facilities and for any other facilities that it operates but that are not specifically included herein.

14. Plaintiffs' collective claim is brought pursuant to the FLSA (29 U.S.C. § 201, *et seq.*), and its implementing regulations, such as those at 29 C.F.R. § 778.211.

15. Plaintiffs' class claims are brought pursuant to the Kansas Wage Payment Act (K.S.A. 44-313 *et seq.*) as well as applicable common law.

16. The Court has supplemental jurisdiction over Plaintiffs' class claims under the Kansas Wage Payment Act and Kansas common law pursuant to 28 U.S.C. § 1367.

17. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the District of Kansas, including the location of the corporate Defendant's principal place of business.

## FACTUAL BACKGROUND

***Rounding***

18. Each hourly, non-exempt employee of Medicalodges, including the Named Plaintiffs, has or had a scheduled time to start his or her workday.

19. At its Facilities, Medicalodges uses computerized systems to track the exact time an hourly employee clocks in for a shift and clocks out for a shift.

20. Despite tracking the exact time an hourly employee clocks in and clocks out, Medicalodges rounds each clock-in or clock-out time in a way that systematically undercounts hours worked by hourly, non-exempt employees, resulting in unpaid wages and overtime. Specific examples include:

a. Plaintiff Melissa Dalton routinely clocked in 10 to 15 minutes before her shift started and began working for that shift; similarly, she frequently continued to work through her shift's end and would almost always clock out after her shift had been scheduled to end. Due to rounding, she estimates that she lost at least 20-45 minutes per shift, which worked out to be anywhere between 1 hour and 3.5 hours per week.

b. Plaintiff Reagan Ricketts consistently began work 15 to 30 minutes early and finished 30 minutes or more after her shift ended, but was only compensated for her scheduled 8-hour shift. She estimates that she lost approximately 30 minutes or more per shift on account of this rounding, or around 3 hours per week.

c. Plaintiff Deitra Blevins typically arrived 15 to 30 minutes early for her shifts and began completing pre-shift rounds, but to her knowledge, was not compensated for her time. She estimates that the company's rounding practices caused her to lose between 1.5 to 2.5 hours of work each pay period.

d. Plaintiff Kayla Younger usually arrived at work near the start of her shift, but was consistently working an hour after her shift had ended, and but was only compensated for her scheduled 8-hour shift. She estimates that, due to rounding, she lost approximately 5 hours per week.

21. By systematically rounding start and end times in favor of the employer and not compensating for unpaid pre- and post-shift work, Defendant violated the Fair Labor Standards Act and corresponding state wage laws.

22. These rounding practices resulted in ongoing wage theft affecting not only individual Named Plaintiffs but all of Medicalodges' hourly employees subject to this rounding policy.

23. Despite working additional time before and after their scheduled shifts, Named Plaintiffs' paychecks did not reflect full compensation for all hours worked, nor were they compensated at the required overtime rate for hours worked in excess of forty per week as mandated by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207.

24. Defendant utilized an automatic rounding or timekeeping system that inaccurately recorded the actual time worked. As a result, the recorded hours were often rounded down or adjusted so that Plaintiffs were compensated for fewer hours than actually worked.

25. In some instances, Plaintiffs' timesheets or payroll records were altered or adjusted by management to limit the number of hours worked, concealing overtime hours and failing to maintain accurate records as required by federal law.

26. Plaintiffs assert that these practices caused them to lose wages due to uncompensated pre-shift and post-shift work, constituting violations of the FLSA's minimum wage and overtime compensation provisions.

27. Medicalodges' rounding policy has resulted in a failure to pay Named Plaintiffs and all similarly situated employees in accordance with the FLSA and KWPA.

***Meal Period***

28. Additionally, Medicalodges maintained a policy of automatically deducting thirty minutes per shift for meal periods for all hourly employees, regardless of whether those employees received a bona fide, uninterrupted thirty-minute meal period.

29. Plaintiffs and all similarly situated employees generally did not receive full, uninterrupted meal breaks as required by law.

30. Plaintiff Melissa Dalton estimated receiving a full, uninterrupted 30-minute meal break only twice per week on average. Most of the time, she worked through her meal period due to patient care responsibilities and staff shortages, yet her pay reflected automatic deductions for a full 30-minute break every shift.

31. Plaintiff Reagan Ricketts estimated receiving only one full meal break per week, with numerous interruptions during breaks due to patient care demands. Defendant deducted 30 minutes automatically from her pay each shift despite these interrupted or missed breaks.

32. Plaintiff Deitra Blevins received a full and uninterrupted meal break only one or two times out of every ten shifts worked. Although the timekeeping system allowed her to mark missed meal breaks, Defendant failed to restore deducted wages or follow up on such reports.

33. Plaintiff Kayla Younger often worked through meal breaks due to workload demands, but nonetheless, Medicalodges deducted thirty minutes of time from her pay as if she'd taken the meal period.

34. Kayla Younger also reported that meal period deductions were even taken on paid vacation days, further unlawfully reducing employee compensation.

35. Plaintiffs frequently worked through or were interrupted during meal breaks and were thus not completely relieved of duty during these periods, rendering the deducted meal period time compensable under the Fair Labor Standards Act and related Department of Labor regulations (29 C.F.R. § 785.19).

36. Medicalodges' failure to compensate for missed or interrupted meal breaks, along with automatic deductions without regard to actual meal break status, resulted in unpaid straight time and overtime compensation in violation of the FLSA and the KWPA.

37. As a proximate result of these unlawful meal period deduction policies, Plaintiffs suffered wage losses, including unpaid overtime compensation.

38. Medicalodges' meal period policy, which automatically deducts a full thirty minutes from hourly employees' pay irrespective of actual meal break taken, has resulted in a failure to pay Plaintiffs and all similarly situated employees in accordance with federal and state wage laws.

***The Collective and Class***

39. Plaintiffs bring Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and seek relief, individually and on a collective basis, from Medicalodges: (a) illegal rounding policies that require work with no pay; and (b) unlawful practice of automatically deducting a 30-minute meal period from its employees' worked time each day without regard to whether the employee took such a meal period.

40. The class for Count I is defined as:

> All persons working as hourly, non-exempt employees for Medicalodges from ***November 7, 2022***, through the present.

41. Plaintiffs bring their state law claims in Count II (violation of the KWPA), as a class action pursuant to Fed. R. Civ. P. 23 (Rule 23), seeking relief on their own behalf and as the class representatives on behalf of the following:

> All persons working as hourly, non-exempt employees for Medicalodges in Kansas from ***November 7, 2022***, through the present.

42. Plaintiffs bring Count III as a class action pursuant to Fed. R. Civ. P. 23 (Rule 23), seeking relief on their own behalf and as the class representatives on behalf of the following:

> All persons working as hourly, non-exempt employees for Medicalodges from ***November 7, 2022***, through the present

43. Plaintiff brings Count IV (unjust enrichment/quantum meruit), in the alternative to Counts I-III, as a class action pursuant to Fed. R. Civ. P. 23 (Rule 23), seeking relief on their own behalf and as the class representatives on behalf of the following:

> All persons working as hourly, non-exempt employees for Medicalodges from ***November 7, 2022***, through the present.

44. The collective and class at issue is believed to number in the hundreds of persons, and as a result, joinder of all class members in a single action is impracticable. Additionally, class members may be informed of the pendency of this class action through direct mail.

45. There are questions of fact and law common to the class that, under federal law, predominate over any questions affecting only individual members, including but not limited to, the following:

a. Whether Medicalodges violated federal and/or Kansas law when it failed to pay its hourly, non-exempt employees for the hours they worked;

b. Whether Medicalodges had a policy and practice of failing to compensate its hourly, non-exempt employees for the hours they worked;

c. Whether Medicalodges violated federal and/or Kansas law by rounding up its employees' time at the start of a workday and then not similarly rounding up its employees' time to the next increment at the end of a workday;

d. Whether Medicalodges violated federal and/or Kansas law by automatically deducting a thirty-minute meal period from its employees' time each workday, regardless of whether the employee took such a break;

e. Whether Medicalodges failed to pay its hourly, non-exempt employees at an effective wage rate of at least the applicable minimum wage for all hours worked;

f. Whether Medicalodges breached contracts with its hourly, non-exempt employees by not paying said employees per the terms of those contracts; and/or

g. Whether Medicalodges retained a benefit from such unlawful compensation policies and practices.

46. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the state law claims.

47. The Named Plaintiffs' claims under federal and state law are typical of those of the class in that the class members have been employed in the same or similar positions as the Named Plaintiffs and were subject to the same or similar unlawful practices as the Named Plaintiffs.

48. A collective/class action is the appropriate method for the fair and efficient adjudication of this controversy. Medicalodges has acted on grounds generally applicable to the collective/class, and the presentation of separate actions by individual class members could create a risk of varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of the members to protect their interests.

49. The Named Plaintiffs are adequate representatives of the collective because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the members of the class will be fairly and

adequately protected by the Named Plaintiffs and undersigned counsel. Counsel are experienced in the litigation of civil matters, including the prosecution of complex wage and hour, employment, and class action cases.

50. Maintenance of this action as a collective action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the collective who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of the collective's members.

**COUNT I – VIOLATION OF THE FLSA**

51. Named Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

52. At all times material herein, the Named Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

53. The FLSA regulates, among other things, the payment of wages and overtime pay by employers engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

54. Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because its enterprise is engaged in interstate commerce and its employees are engaged in such commerce.

55. Defendant has violated the FLSA by failing to properly compensate its hourly, non-exempt employees for all of their hours worked, by failing to pay them minimum wage, and by failing to properly pay them overtime wages.

56. Specifically, as set forth above in Paragraphs 18-27, Defendant is, in the aggregate, rounding time against its employees, which in turn is causing the Defendant to not pay the employees for their actual minutes worked.

57. Additionally, as set forth above in Paragraphs 28-38, Defendant is automatically deducting thirty (30) minutes of time from its employees' pay each shift (at least once) without ensuring that the employees are actually receiving a full, uninterrupted, thirty (30) minute meal period or break.

58. For these reasons, the Named Plaintiffs and all other similarly situated employees are victims of common compensation policies.

59. The Named Plaintiffs and all other similarly situated employees are entitled to damages equal to the amount of uncompensated time that they worked for Medicalodges, as well as the mandated minimum wage and overtime premium pay, within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Medicalodges has acted willfully and knew or showed reckless disregard in its violation of the FLSA's requirements.

60. Medicalodges has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA. As a result, the Named Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith in failing to pay its employees minimum wage and overtime compensation, the Named Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

61. As a result of these violations of the FLSA's minimum wage and overtime pay provisions, Medicalodges has unlawfully withheld wages from the Named Plaintiffs and all similarly situated employees.

62. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, expenses, and costs of this action.

WHEREFORE, for Plaintiffs' collective claims set forth in Count I, the Named Plaintiffs and all other similarly situated employees demand judgment against Defendant and request that this Court:

(a) issue notice to all similarly situated employees (current or former) of Medicalodges, informing them of their right to file consents to join the FLSA portion of this action;
(b) declare Defendant's rounding policies and automatic meal period deduction policies unlawful under the FLSA;
(c) award Plaintiffs and all other similarly situated employees their lost wages, minimum wages, overtime wages, and liquidated damages under 29 U.S.C. § 216(b);
(d) award Plaintiffs and all other similarly situated employees pre-judgment and post-judgment interest as provided by law;
(e) award Plaintiffs and all other similarly situated employees attorneys' fees, expenses, and costs, as allowed by Section 216(b) of the FLSA; and
(f) award Plaintiffs and all other similarly situated employees such other relief as the Court deems just and proper in the circumstances.

## COUNT II – VIOLATION OF THE KANSAS WAGE PAYMENT ACT

63. Named Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

64. Defendant is an "employer" as defined in K.S.A. 44-313.

65. The Kansas Wage Payment Act (the "KWPA") mandates that all employers shall pay all wages due to their employees.

66. The KWPA defines wages as "compensation for labor or services rendered by an employee, whether the amount is determined on a ***time***, task, piece, commission, or other basis." K.S.A. 44-313(c) (emphasis added).

67. Despite agreeing to pay the Plaintiffs on a time basis, Defendant has failed to properly count all of the time that its employees worked.

68. As noted above in Paragraphs 18-27 which are incorporated herein by reference, though Defendant does in fact record all of the minutes that its hourly employees work, it does not pay the employees for all of those minutes of work.

69. Additionally, as noted above in Paragraphs 28-38, which are incorporated herein by reference, Defendant automatically takes away thirty (30) minutes per day of time from its hourly employees for a meal period or lunch break, even though on the vast majority of instances, the hourly employee does not receive a full thirty-minute break and instead is working during some or all of that time.

70. Defendant has willfully failed to pay these wages and is, therefore, liable for the wages due, plus applicable penalties under the KWPA.

WHEREFORE, for Plaintiffs' class claims set forth in Count II, the Named Plaintiffs and all other similarly situated employees demand judgment against Defendant and request that this Court:

(a) certify the KWPA class as set forth in Count II as a class action pursuant to Fed. R. Civ. P. 23;
(b) declare Defendant's rounding policies and automatic meal period deduction policies unlawful under the KWPA and Kansas law;
(c) award Plaintiffs and all other similarly situated employees their lost wages, minimum wages, overtime wages, and penalties pursuant to K.S.A. 44-315;
(d) award Plaintiffs and all other similarly situated employees pre-judgment and post-judgment interest as provided by law; and
(e) award Plaintiffs and all other similarly situated employees such other relief as the Court deems just and proper in the circumstances.

## COUNT III – BREACH OF CONTRACT

71. Named Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

72. Defendant entered into employment contracts with Plaintiffs and other hourly, non-exempt employees that paid them an hourly wage.

73. Plaintiffs and other hourly, non-exempt employees of Defendant fully performed their obligations under these contracts.

74. However, Defendant failed to pay the Plaintiffs and other hourly, non-exempt employees for all of their hours worked.

75. Defendant is in breach of the employment contracts with Plaintiffs and its other hourly non-exempt employees in an amount to be proven at trial.

WHEREFORE, for Plaintiffs' class claims set forth in Count III, the Named Plaintiffs and all other similarly situated employees demand judgment against Defendant and request that this Court:

(a) certify the state law class set forth in Count III as a class action pursuant to Fed. R. Civ. P. 23;
(b) declare Defendant's rounding policies, automatic lunch deduction, and other improper policies illegal under the FLSA and the KWPA;
(c) award Plaintiffs and all other similarly situated employees restitution in an amount to be proven at trial, as well as any other relief the Court deems just and proper in the circumstances.

## COUNT IV – UNJUST ENRICHMENT/QUANTUM MERUIT

76. Plaintiffs bring this claim in the alternative to Counts I, II, and III.

77. Defendant has been and continues to be enriched at the expense of Plaintiffs and other similar situated employees by making deficient payments for work performed by Plaintiffs

and other similarly situated employees, causing them to not be properly compensated for their work.

78. Named Plaintiffs and other similarly situated employees conferred benefits in the form of hours worked on Defendant, who knew of and retained the benefits in the form of the financial success of Defendant.

79. Named Plaintiffs and other similarly situated employees provided these services based on the expectation that they would be compensated fairly and lawfully.

80. Defendant failed to compensate Plaintiffs and other similarly situated employees for their work performed in a fair or lawful way.

WHEREFORE, for Plaintiffs' class claim set forth in Count IV, the Named Plaintiffs and all other similarly situated employees demand judgment against Defendant and request that this Court:

(a) certify the state law class set forth in Count IV as a class action pursuant to Fed. R. Civ. P. 23;
(b) declare Defendant's rounding policies, automatic lunch deduction, and other improper policies illegal under the FLSA and the KWPA;
(c) award Plaintiffs and all other similarly situated employees restitution in an amount to be proven at trial, as well as any other relief the Court deems just and proper in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for the foregoing causes of action.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs hereby request the trial be held in Kansas City, Kansas.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ Ethan A. Crockett*
John J. Ziegelmeyer III, KS 23003
jziegelmeyer@hkm.com
Brad K. Thoenen, KS 24479
bthoenen@hkm.com
Ethan A. Crockett, KS 79069
ecrockett@hkm.com
W. Glenn Winfrey, KS 79229
gwinfrey@hkm.com
1600 Genessee, Suite 754
Kansas City, Missouri 64102
816.875.3332

**ATTORNEYS FOR NAMED PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 28, 2026, a copy of the foregoing was served via the Court's electronic filing system on all counsel of record.

*/s/ Ethan A. Crockett*
Attorneys for Named Plaintiffs